IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND
GREENBELT DIVISION

| | |
|---|---|
| KAREN RANDALL. , | ) <br> ) <br> ) |
| Plaintiff, | ) <br> ) |
| v. | ) Case No.: |
| | ) |
| OUTBACK OF LA PLATA, INC., | ) <br> ) |
| Defendant. | ) <br> ) |

## DEFENDANTS' ANSWER AND GROUNDS OF DEFENSE

COMES NOW, Defendants, Outback Steakhouse of Florida, LLC, incorrectly named as "Outback of La Plata, Inc.," (hereinafter "Defendant"), by and through their attorneys, BONNER KIERNAN TREBACH & CROCIATA, LLP, and in response to the enumerated paragraphs in the Complaint filed by Plaintiffs herein state as follows:

## COMPLAINT

1. Defendant is without information sufficient to admit or deny the allegations contained in Paragraph 1 of the Complaint and therefore denies same.

2. Defendant denies the allegations contained in Paragraph 2 of the Compliant and affirmatively states that the owner of the restaurant identified in the Complaint is Outback Steakhouse of Florida, LLC.

3. Defendant denies the allegations contained in Paragraph 3 of the Compliant based on the removal via diversity jurisdiction.

4. Defendant denies the allegations contained in Paragraph 4 of the Compliant based on the removal via diversity jurisdiction.

5.      Defendant admits the allegations contained in Paragraph 5 of the Complaint.

6.      Defendant is without information sufficient to admit or deny the allegations contained in Paragraph 6 of the Complaint and therefore denies same.

7.      Defendant is without information sufficient to admit or deny the allegations contained in Paragraph 7 of the Complaint and therefore denies same.

8.      Defendant is without information sufficient to admit or deny the allegations contained in Paragraph 8 of the Complaint and therefore denies same.

9.      Defendant denies the allegations contained in Paragraph 9 of the Complaint.

10.     Defendant denies the allegations contained in Paragraph 10 of the Complaint.

11.     Defendant denies the allegations contained in Paragraph 11 of the Complaint and demands strict proof of all damages claimed.

12.     Defendant denies the allegations contained in Paragraph 12 of the Complaint and demands strict proof of all damages claimed.

13.     Any allegation not affirmatively admitted is denied.

## AFFIRMATIVE DEFENSES

Defendant, by and through counsel, BONNER KIERNAN TREBACH & CROCIATA, LLP, plead the following affirmative defenses to Plaintiffs' Complaint:

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a cause of action upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred or diminished by her own sole or contributory negligence, which negligence was the proximate cause of all or part of her injuries and damages.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff failed to take due and appropriate care in the mitigation of her alleged injuries and damages and her recovery from Defendant is therefore barred in whole or in part.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's alleged injuries and damages were directly and proximately caused by her own acts and conduct which intervened between Defendant's acts and conduct and Plaintiff's alleged damages thereby barring Plaintiff from any recovery from Defendant.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's alleged injuries and damages were proximately caused by act(s) of commission or omission of third parties over which Defendant exercised no control or right to control, which act(s) intervened between Defendant's acts and Plaintiff's alleged damages, thereby barring Plaintiff from any recovery from Defendant.

### SIXTH AFFIRMATIVE DEFENSE

Some or all of Plaintiff's claimed injuries and damages were attributable to causes other than the incident complained of and must therefore be apportioned to such other causes accordingly.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's recovery of all or part of her alleged damages is barred by the applicable statute of limitations.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's alleged injuries and damages are not related to the events alleged in the Complaint.

### NINTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff claims that a dangerous condition existed on the premises, Defendant had no notice thereof.

### TENTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff claims that a dangerous condition existed on the premises, said condition was open and obvious to the Plaintiff.

Defendant reserves the right to assert other affirmative defenses as discovery in this as discloses a basis therefore.

Defendant demands a trial by jury.

**WHEREFORE,** Defendant respectfully request that the Court enter judgment in its favor, that the Complaint against it be dismissed with prejudice, and that the Defendant recover from Plaintiff its costs of this action and such other and further relief as the Court may deem just and proper.

Date: May 28, 2019          **BONNER KIERNAN TREBACH & CROCIATA, LLP**

/S/ Heather S. Deane
_____
Heather S. Deane, Esquire
Bonner Kiernan Trebach & Crociata, LLP
1233 20th Street, N.W., Suite 800
Washington, DC 20036
Telephone (202) 712-7000
Facsimile (202) 712-7100
hdeane@bonnerkiernan.com
Counsel for Defendant Outback Steakhouse of Florida, L.L.C.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing Answer was emailed and mailed, postage prepaid on this 28th day of May, 2019, to:

>Scott A. Bowling, Esquire
>Chapman & Bowling, LLC
>P.O. Box 610
>LaPlata, Maryland 20646
>(301) 934-9969
>abowling@chapmanbowling.com
>Counsel for Plaintiff

>Heather S. Deane
>Bonner Kiernan Trebach & Crociata, LLP
>1233 20th Street, N.W., Suite 800
>Washington, DC 20036
>Telephone (202) 712-7000
>Facsimile (202) 712-7100
>**hdeane@bonnerkiernan.com**
>Counsel for Defendant Outback Steakhouse of Florida, L.L.C.